IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CENDY J. CULWELL                                                                                           PLAINTIFF

v.                                            CIVIL NO. 23-cv-05234

MARTIN J. O'MALLEY, Commissioner                                                           DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Cendy J. Culwell, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See U.S.C. § 405(g).

Plaintiff protectively filed her application for DIB on April 12, 2021. (Tr. 15). In her application, Plaintiff alleged disability beginning on April 8, 2021, due to transient ischemic attack, migraines, asthma, a nerve root compression in her back, stroke, and high blood pressure. (Tr. 15, 214). An administrative hearing was held via telephone on June 28, 2022, at which Plaintiff appeared with counsel and testified. (Tr. 32–51). A vocational expert ("VE") also testified. *Id*.

On February 28, 2023, the ALJ issued an unfavorable decision. (Tr. 12–31). The ALJ found that Plaintiff last met the insured status requirements of the Act on December 31, 2026. (Tr. 12). The ALJ found Plaintiff had the following severe impairments: spine disorder, migraine, seizure disorder, and obesity. (Tr. 17–18). Plaintiff found Plaintiff's impairments of asthma,

1

depression, and anxiety were not severe. *Id*. The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 18). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except the claimant cannot climb ropes, ladders, or scaffolds and cannot work with moving machinery or unprotected heights. The claimant can occasionally climb ramps and stairs and can occasionally balance, crawl, kneel, stoop, and crouch.
> (Tr. 19–26).

The ALJ found Plaintiff could perform her past relevant work as a fast-food manager as generally performed at the light vocational level, although Plaintiff had actually performed this job at the medium exertional level. (Tr. 26). The ALJ found Plaintiff was not disabled from April 8, 2021, through February 28, 2023, the date of the decision. (Tr. 26).

Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 9, 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following point on appeal: whether the ALJ erred in his treatment of the opinion of examining neurologist, Ahmad Al-Khatib, MD. (ECF No. 9). Plaintiff argues that the ALJ failed to resolve inconsistencies between Dr. Al-Khatib's opinion, which the ALJ found to be persuasive, and the assessed RFC. *Id*. Plaintiff correctly asserts that the ALJ failed to identify or explain the conflict between his RFC findings and Dr. Al-Khatib's opined limitation that Plaintiff had a mild limitation in speaking. *Id*. Plaintiff further argues that the ALJ failed to reconcile the conflict between his RFC findings and Dr. Al-Khatib's opined limitations of moderate to severe limitations in walking and standing. *Id*. Defendant argues that the RFC finding was supported by substantial evidence; that the ALJ properly evaluated Plaintiff's subjective complaints and properly evaluated the medical opinion evidence; and that substantial evidence supported the ALJ's step five findings (ECF No. 16). Defendant argues that the ALJ is free to accept some, but not all of a medical opinion, and the RFC assessment is ultimately an administrative determination reserved to the Commissioner. (ECF No. 13).

Of particular concern to the undersigned is the ALJ's failure to reconcile Plaintiff's limitations in speaking with his lack of limitations in that are in the RFC, or with his ultimate finding that she could perform past relevant work as a fast-food manager. RFC is the most that a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This assessment includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations. *Guilliams v. Barnhart*, 393 F. 3d 798, 801 (8th Cir. 2005). *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations arising from symptoms such as pain are also factored into the assessment.

3

20 C.F.R. §404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

The conflict between the ALJ's RFC and Dr. Al-Khatib's opinion was not minor and was not resolved within the ALJ's opinion. As Plaintiff points out, Dr. Al-Khatib noted that Plaintiff suffered from slurred speech and would suffer from a mild limitation in speaking. (Tr. 771–72). While the ALJ did reconcile some differences between Dr. AL-Khatib's opinion and his ultimate RFC findings, including the lack of handling/fingering limitations and a brief discussion of Plaintiff's ability to lift/carry and stand/walk, the ALJ does not make clear why he chose not to include any speech or other communication limitations. (Tr. 25). This omission is not harmless error, as a fast-food manager requires frequent speaking and requires a language level of four on a six-point scale. *See* Manager, Fast Food Services, DICOT 185-137-010, 1991 WL 671285; *Dictionary of Occupational Titles*, Appendix C, III.

While changes were made to how the Social Security Administration treats medical opinions which impact all cases filed on or after March 27, 2017, an ALJ is still required to resolve conflicts between the RFC findings and opinions from a medical source. *See* 20 C.F.R. § 404.1520c; *Stafford v. Kijakazi*, 2022 WL 350861 at *4 (W.D.Mo. Feb. 7, 2022)(Finding ALJ erred where the RFC deviated from an opinion the ALJ found persuasive). The Court finds remand is necessary for the ALJ to more clearly consider the Plaintiff's RFC.

**IV.     Conclusion**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 26th day of November 2024.

*Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE